1  Robert S. Gutierrez (SBN 143223)
2    *GutierrezR@ballardspahr.com*
   **BALLARD SPAHR LLP**
3  2029 Century Park East, Suite 1400
4  Los Angeles, CA  90067-2915
   Tel: 424.204.4400 / Fax: 424.204.4350
5
6  Matthew S.L. Cate (SBN 295546)
     *CateM@ballardspahr.com*
7  **BALLARD SPAHR LLP**
8  1909 K Street, NW, 12th Floor
   Washington, DC 20006-1157
9  Tel: 202.661.2200 / Fax: 202.661.2299

10
11 *Attorneys for Defendants Inner City*
   *Press/Community on the Move, Inc. and*
12 *Matthew Russell Lee*

13          **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA**

15 | Derek Jones, | Case No. 2:23-cv-09623-MCS-AJRx |
16 |  |  |
   |              *Plaintiff,* | **Defendants' Notice of Special Motion** |
17 |  | **and Special Motion to Strike** |
   | v. | **Plaintiff's First Amended Complaint** |
18 |  | **Pursuant to Cal. Civ. Proc. Code §** |
19 | Inner City Press, Inc.; and | **425.16 and, in the Alternative, Motion** |
   | Matthew Russell Lee, | **to Dismiss Pursuant to Rule 12(b)(6);** |
20 |  | **Memorandum of Points and** |
   |              *Defendants.* | **Authorities** |
21 |  |  |
22 |  | Hearing Date:          April 29, 2024 |
23 |  | Hearing Time:          9:00 a.m. |
24 |  | Before the Hon. Mark C. Scarsi |
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on April 29, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-titled Court, located at First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, Courtroom 7C, 7th Floor, Defendants Inner City Press/Community on the Move, Inc. and Matthew Russell Lee (together, "Inner City Press") will and hereby do specially move the Court to strike all claims asserted against them in Plaintiff Derek Jones' First Amended Complaint ("FAC") pursuant to California Code of Civil Procedure § 425.16 and, in the alternative, to dismiss all claims in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth in the accompanying Memorandum of Points and Authorities, the Court should grant the requested relief because:

1.      California's anti-SLAPP statute, Cal. Civ. Proc. Code ("C.C.P.") § 425.16, applies to each of Jones' claims because they arise from Inner City Press' reporting of judicial proceedings and written statements made in a public forum in connection with an issue  of public interest. C.C.P. § 425.16(e)(2)-(3).

2.      As such, Jones bears the burden to establish a probability of prevailing on his claims. Because Inner City Press challenges the legal sufficiency of his claims, Jones must demonstrate that he has plausibly stated a claim upon which relief may be granted. *See Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018); Fed. R. Civ. P. 12(b)(6).

3.      Jones cannot carry his burden because the allegedly actionable statements or implications giving rise to his defamation and false light causes of action are either not reasonably capable of deriving from the articles Inner City Press published or are not "highly offensive." *See, e.g.*, *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017).

//

//

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

4.      Jones cannot carry his burden for the separate and additional reason that the articles on which he bases his claims are absolutely privileged under California's statutory fair-report privilege. Cal. Civ. Code § 47(d).

5.      Jones cannot carry his burden for the separate and additional reason that he did not comply with California's retraction statute and is therefore limited to recover only special damages, but he has not pleaded such damages with the heightened particularity required. *See* Cal. Civ. Code § 48a; Fed. R. Civ. P. 9(g).

The Court should therefore strike Jones' causes of action, with prejudice, pursuant to C.C.P. Section 425.16 and award Inner City Press its attorneys' fees and costs incurred in defending against this suit, in an amount to be determined in a subsequent motion. *See* C.C.P. § 425.16(c). In the alternative, the Court should dismiss the FAC, with prejudice, under Rule 12(b)(6).

This Special Motion to Strike and Motion to Dismiss is supported by this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and accompanying Declaration of Matthew S.L. Cate and exhibits thereto, any other matters of which the Court may take judicial notice, all papers and pleadings on file in this action, and such other and further material and argument as may be presented to the Court.


Dated: March 26, 2024

**BALLARD SPAHR LLP**

By: */s/ Matthew S.L. Cate*
     Robert S. Gutierrez
     Matthew S.L. Cate

*Attorneys for Defendants Inner City Press/Community on the Move, Inc. and Matthew Russell Lee*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 3 —

# Table of Contents

Table of Authorities .......................................................................................ii

Memorandum of Points and Authorities .......................................................1

I.      Introduction .......................................................................................1

II.     Background.........................................................................................2

        A.      Jones is prosecuted in the Southern District of New York over a
                multi-million dollar swindle. ...................................................2

        B.      Inner City Press reports on Jones' criminal case as it wends its
                way to his sentencing and eventual surrender to prison. ........2

        C.      Jones files this action against Inner City Press. ....................9

III.    Legal Standard.................................................................................11

IV.     Argument ..........................................................................................11

        A.      Jones' claims arise from activity C.C.P. Section 425.16 protects. .....11

        B.      Jones' causes of action for defamation and false light fail to state
                a claim upon which relief may be granted. ...........................13

                1.      The FAC should be stricken because Jones' claims are not
                        based on any defamatory statements or implications in the
                        Articles...............................................................................13

                2.      The FAC should be stricken because the Articles are
                        absolutely privileged under Civil Code § 47(d). .....................15

                3.      The FAC should be stricken because Jones is limited to
                        special damages but has failed to specifically plead them. ......20

V.      Conclusion .......................................................................................22

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Table of Authorities**

**Cases**                                                                   **Page(s)**

*Anschutz Ent. Grp. v. Snepp*,
   171 Cal. App. 4th 598 (2009) ................................................................. 21

*Barrett v. Rosenthal*,
   40 Cal. 4th 33 (2006) ......................................................................... 12

*Braun v. Chron. Publ'g*,
   52 Cal. App. 4th 1036 (1997) ......................................................... 12, 18

*Crane v. Ariz. Republic*,
   972 F.2d 1511 (9th Cir. 1992) ......................................................... 16, 18

*Dodds v. ABC*,
   145 F.3d 1053 (9th Cir. 1998) .............................................................. 13

*Dorsey v. Nat'l Enquirer*,
   973 F.2d 1431 (9th Cir. 1992) ..................................................... 16, 18, 19

*Fellows v. Nat'l Enquirer*,
   42 Cal. 3d 234 (1986) ......................................................................... 20

*Forsher v. Bugliosi*,
   26 Cal. 3d 792 (1980) ......................................................................... 14

*Fortaleza v. PNC Fin. Servs. Grp.*,
   642 F. Supp. 2d 1012 (N.D. Cal. 2009) .................................................... 9

*Gallagher v. Philipps*,
   563 F. Supp. 3d 1048 (S.D. Cal. 2021) ................................................. 21

*Handelsman v. San Francisco Chronicle*,
   11 Cal. App. 3d 381 (1970) ................................................................. 18

*Hayward v. Watsonville Register-Pajaronian & Sun*,
   265 Cal. App. 2d 255 (1968) ............................................................... 18

*Issa v. Applegate*,
   31 Cal. App. 5th 689 (2019) ................................................................. 13

*Jackson v. Mayweather*,
   10 Cal. App. 5th 1240 (2017) ............................................................... 15

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— ii —

*Jennings v. Telegram-Trib.*,
   164 Cal. App. 3d 119 (1985) .......................................................... 14, 17

*Matter of Jones*,
   No. 16-O-17503, 2022 WL 594175 (Cal. Bar Ct. Feb. 11, 2022) ......................... 2

*Kapellas v. Kofman*,
   1 Cal. 3d 20 (1969) ................................................................. 15

*Kashian v. Harriman*,
   98 Cal. App. 4th 892 (2002) ......................................................... 11

*McClatchy Newspapers v. Super. Ct.*,
   189 Cal. App. 3d 961 (1987) ......................................................... 16

*Med. Marijuana v. ProjectCBD.com*,
   46 Cal. App. 5th 869 (2020) ......................................................... 15

*MG Premium v. Does*,
   No. 2:21-CV-08533-MCS-KK, 2023 WL 3432163 (C.D. Cal. Apr.
   10, 2023) ........................................................................... 11

*Mireskandari v. Daily Mail & Gen. Tr.*,
   No. CV 12-02943 MMM, 2013 WL 12114762 (C.D. Cal. Oct. 8,
   2013) .............................................................................. 12

*Nunes v. CNN*,
   31 F.4th 135 (2d Cir. 2022) ......................................................... 21

*Nygard, Inc. v. Uusi-Kerttula*,
   159 Cal. App. 4th 1027 (2008) ....................................................... 12

*Paterno v. Super. Ct.*,
   163 Cal. App. 4th 1342 (2008) ....................................................... 19

*Piping Rock Partners v. David Lerner Assocs.*,
   946 F. Supp. 2d 957 (N.D. Cal. 2013) ................................................ 22

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir. 2018) ........................................................ 11

*Pridonoff v. Balokovich*,
   36 Cal. 2d 788 (1951) ............................................................... 22

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— iii —

*Reader's Digest Ass'n v. Super. Ct.*,
   37 Cal. 3d 244 (1984) ............................................................................... 16

*Reeves v. ABC*,
   719 F.2d 602 (2nd Cir. 1983) .................................................................... 18

*Sarver v. Chartier*,
   813 F.3d 891 (9th Cir. 2016) ..................................................................... 11

*Shahid Buttar for Cong. Comm. v. Hearst Commc'ns*,
   No. 21-CV-05566-EMC, 2022 WL 1215307 (N.D. Cal. Apr. 25,
   2022) .................................................................................................... 21, 22

*Smith v. Santa Rosa Press Democrat*,
   No. C 11-02411 SI, 2011 WL 5006463 (N.D. Cal. Oct. 20, 2011) ......... 12, 18, 19

*Sonoma Media Invs. v. Super. Ct.*,
   34 Cal. App. 5th 24 (2019) ........................................................................ 12

*Trendmood v. Rabinowitz*,
   No. 2:20-cv-10877-MCS-RAO, 2021 WL 5277441 (C.D. Cal. Aug.
   31, 2021) ..................................................................................................... 22

*Werner v. Times-Mirror*,
   193 Cal. App. 2d 111 (1961) ..................................................................... 15

**Statutes**

Cal. Civ. Code § 45a ........................................................................................ 20

Cal. Civ. Code 47 .....................................................................................*passim*

Cal. Civ. Code § 48a ................................................................................. 20, 21

**Other Authorities**

Fed. R. Civ. P. 9(g) ..................................................................................... 1, 21

Fed. R. Civ. P. 12(b)(6) .................................................................................. 11

U.S. Const. amend. I ...................................................................................... 15

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Memorandum of Points and Authorities**

## I.    Introduction

Plaintiff Derek Jones is a disbarred lawyer and federal convict serving 66 months in prison after a federal judge saw a need "to protect the public" from his willingness to engage in "always more lies, more cons" harming those unfortunate enough to take him at his word.

He brings this action against a small news organization based in New York. Defendant Matthew Russell Lee runs Defendant Inner City Press/Community on the Move, Inc., an online news outlet covering the Southern District of New York courthouse where Jones was prosecuted. Jones alleges that Lee and Inner City Press (together "Inner City Press") defamed him and portrayed him in a false light in a series of articles tracking the lead-up to Jones' sentencing and surrender to federal prison.

Jones' claims clearly arise from news coverage of his criminal case. Accordingly, his claims trigger California's anti-SLAPP statute, C.C.P. § 425.16. As such, Jones' First Amended Complaint ("FAC") must be stricken because he cannot demonstrate that he has pleaded claims upon which relief may be granted.

*First*, the sole basis for his defamation claims is that Inner City Press' articles imply he was convicted of domestic violence, but no reasonable reader would derive any such interpretation from the coverage. The statements underlying Jones' false light cause of action are similarly not defamatory, much less of the "highly offensive" nature necessary for such a claim.

*Second*, the claims fail for the separate reason that each of the articles is absolutely privileged under California Civil Code Section 47(d).

*Third*, even if Jones could overcome those deficiencies, his claims fail because his recovery is limited to special damages, and Jones has not pleaded such damages with the specificity required by Federal Rule of Civil Procedure 9(g).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Accordingly, Jones cannot demonstrate that the FAC states a claim upon which relief can be granted. The Court should therefore grant Inner City Press' motion to strike, dismiss all of Jones' causes of action with prejudice, and award Inner City Press attorneys' fees in an amount to be proved pursuant to a subsequent motion.

## II.   Background

### A.   Jones is prosecuted in the Southern District of New York over a multi-million dollar swindle.

Jones is a disbarred California lawyer who pleaded guilty in November 2021 to wire fraud in connection with an investment scheme that robbed victims of at least $5.8 million. *See Matter of Jones*, No. 16-O-17503, 2022 WL 594175 (Cal. Bar Ct. Feb. 11, 2022); *United States v. Jones*, No. 1:21-cr-59 (S.D.N.Y.); Ex. 1 (*Jones* Docket) at 11 (reflecting guilty plea), 19 (judgment);[1] Ex. 2 (Superseding Indictment); Ex. 9 (Judgment). Specifically, Jones repeatedly lied to potential investors by falsely telling them various enterprises he claimed to manage and control owned certain assets. Ex. 2 ¶ 1. He used the money for himself, to pay for private school for some of his children, and to pay off other investors in a "Ponzi-like" scheme after they had successfully obtained civil judgments against him. *Id.* ¶ 3. Ultimately, Jones was sentenced to 66 months' incarceration and ordered to pay $5.4 million in restitution. Ex. 1 at 19, 21.

### B.   Inner City Press reports on Jones' criminal case as it wends its way to his sentencing and eventual surrender to prison.

Inner City Press is a New York-based online news publication focused primarily on covering developments in the U.S. District Court for the Southern District of New York. *See* FAC ¶¶ 7-8; RJN ¶ 10; *see also, e.g.*, *Homepage*, Inner City Press, https://www.innercitypress.com/; Leo Schwartz, *The story behind the*

---

[1] References in this brief to exhibits are to the materials submitted in connection with Inner City Press' concurrently filed Request for Judicial Notice ("RJN").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 2 —

*story: Why the real star of Sam Bankman-Fried's trial is the one-man news operation Inner City Press*, Fortune (Nov. 2, 2023), https://bit.ly/3PAhxhM (describing Lee as one of "a select few who regularly cover the [S.D.N.Y.] courthouse"). It publishes such news on at least a weekly basis and usually multiple times per day. *See* RJN ¶ 10.

Inner City Press covered several phases of Jones' case. *See, e.g.*, FAC Exs. 1-6. It closely followed developments starting in November 10, 2022, when his sentencing was drawing near. *Id.* While each article appears on its own web page, Inner City Press published them in thread-like form, appending coverage of new developments at the bottom of prior posts in a single article. *See* FAC Exs. 1-5. Five articles are relevant to this case.

### 1. Jones participates in the November 10 Proceeding, and Inner City Press publishes the November 10 Article.

In late October 2022, after months of delay relating to Jones' attempt to withdraw his guilty plea and request for an evidentiary hearing, the Court set a status conference to determine how to proceed with Jones' sentencing. Ex. 1 at 15-16; FAC ¶ 20; FAC Ex. 7. That conference was held in open court on November 10, 2022 (the "November 10 Proceeding"). *See generally* FAC; FAC Ex. 8.

During that proceeding, the Government asked the court to modify Jones' bail conditions, asserting that he had pressured a woman to submit a letter to the court "requesting leniency in Jones' eventual sentencing." FAC ¶¶ 21, 26.[2] It argued that Jones' conduct was obstruction of justice that warranted a sentencing enhancement. *Id.* ¶ 21. In support, the Government provided the court documents filed under seal, including photographs it described as depicting acts of domestic violence. *See id.* ¶

---

[2] The November 10 Proceeding transcript was sealed for reasons undisclosed on the docket. FAC ¶ 3; Ex. 1 at 16. Inner City Press has filed a request in the Southern District of New York to unseal the transcript and related material, and respectfully reserves the right to submit that material in connection with its reply brief.

— 3 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

22 (not disputing characterization of content of photos). The Government referred to photos of abuse and torn clothing, and asserted that a woman, whom it characterized as a former girlfriend of Jones, had contacted the Government about threats of some type being directed at her. FAC Exs. 1-5; FAC ¶ 25 (not disputing that such references were made); *id.* ¶ 28 (admitting the Government referred to "torn clothes" during conference).

Inner City Press published its coverage of the November 10 Proceeding under the headline, "White Collar Criminal Linked to Black Eye and Torn Clothes Is Confined, Derek Jones at Home" (the "November 10 Article"). That Article reports:

> SDNY EXCLUSIVE, Nov 10 - In the U.S. District Court for the Southern District of New York on November 10, a remand or release to home confinement proceeding was held by Judge Loretta A. Preska on a [sic] white collar criminal Derek Jones after allegations and photos of domestic abuse to [sic] submitted under seal.
>
> Inner City Press was in the courtroom and files this exclusive.
>
> Derek Jones, a lawyer, was charged in 2021 with a $4.5 million fraud using BlueRidge Realty and venture capital Realize Holdings. He pled guilty - then purported to withdraw his plea. That was denied, and his sentencing set for December 13.
>
> While Jones asked to appear remotely from California for a November 10 hearing before Judge Preska, he was ordered to be present. Inner City Press went, as did two U.S. Marshals.
>
> The Assistant US Attorney had submitted two 302s, dated October 18 and October 25, under seal. But during the proceeding Judge Preska asked, What am I to do with these photos?
>
> Reference was made to photos of physical abuse, torn clothes, and to another former Jones girlfriend who contacted the government about threats, as well as to a letter seeming [sic] obtained by coercion.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 4 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1
2
3

Jones' lawyer said this was an ambush, that his client should remain at liberty to prepare for sentencing; he even offered that Jones would see no women at all until sentencing.

4
5
6
7

The name of the photographed victim was given, but Inner City Press is voluntarily not publishing it here. The transcript was ordered sealed. Judge Preska ordered Jones to home confinement, other than activities involving his children (whom Jones himself said are ages eight, 10, 12 and 14).

8
9

Criminal Justice Act funds will be used to fly Jones back to California, and again for sentencing, which Inner City Press will cover.

10    FAC Ex. 1; https://www.innercitypress.com/sdny41preskaderekjones

11    icp111022.html.

12          **2.     The Government files a letter memorializing the court's**
13                  **modification to Jones' bail conditions, and Inner City Press**
14                  **publishes an update.**

15          As discussed during the November 10 Proceeding, the court determined that

16    Jones would be confined to his home until sentencing with certain limited

17    exceptions. The next day, the Government filed a letter with the court on behalf of

18    itself and Jones, formalizing the court's ruling. Ex. 1 at 16; Ex. 3.

19          Inner City Press published an article about these developments (the

20    "November 11 Update"). FAC Ex. 2. After republishing the substantive content of

21    the November 10 Article, the November 11 Update quotes the Government's letter:

22
23

On November 11, Veterans Day, the US Attorney's Office filed this:

24
25

[¶] "Re: United States v. Derek Jones, S1 21 Cr. 59 (LAP) Dear Judge Preska:

26
27
28

[¶] On behalf of the parties, the Government respectfully requests that the Court so-order this letter reflecting modifications to the defendant's conditions of release. As

— 5 —

the Court stated at yesterday's conference, the defendant is now subject to the following additional conditions:

[¶] The defendant shall remain on home confinement at all times except as required to participate in activities with his children as permitted under his and his ex-wife's custody arrangement, or to travel to or from Court appearances. The defendant shall not communicate or have any contact with the two ex-girlfriends..." Full filing on Patreon here.

FAC Ex. 2; https://www.innercitypress.com/sdny41apreskaderekjonesicp111122.html.

The court endorsed the bail modification on November 14, 2022, thereby memorializing its imposition of two "additional conditions" on Jones' release. Ex. 3; FAC ¶ 29. Jones was generally confined to his home and barred from contacting the two women discussed during the conference. Ex. 3.

### 3. Jones attempts to delay his sentencing, and Inner City Press publishes another update.

Two months later, Jones filed a motion to continue his sentencing. Ex. 1 at 18; Ex. 4. His lawyers based the request on Jones' "battle with COVID" and additional time needed for a forensic accounting firm, engaged "through funds provided by his parents," to further investigate the amount of loss Jones' fraud caused his victims. Ex. 4 at 1-2; FAC ¶ 40.

The Government filed an opposition the next day, simultaneously transmitting new victim impact statements in support of its sentencing position. Ex. 1 at 18; Ex. 5. The Government characterized one of the statements as coming from a victim who had had "a deep and close relationship with Jones" dating back to their time as fraternity brothers. Ex. 5 at 1. It asserted that this victim "came to view Jones as closer than his own brother" but Jones had then engaged in "a pattern of financial deceit . . . that cost [the victim] a fortune." *Id.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 6 —

1    The court denied Jones' request to delay sentencing. Ex. 1 at 18.

2        Inner City Press reported on these submissions and ruling (the "January 12
3    Update"). FAC Ex. 3. At the bottom of the republished prior reports, that update
4    states:

> On January 11, in the run-up to the January 17
> sentencing, CJA counsel for Derek Jones wrote in request
> more time, until at least February 28. They cited Jones'
> COVID, and the engagement with his parents' money of
> Renaissance Associates to dispute the loss amount.
>
> On January 12, the US Attorney's Office opposed delay,
> and put in more victim impact statements, one
> concerning a close relationship with Jones back when he
> was in a "prestigious fraternity at the University of
> Virginia." The victim was then deceived and "lost a
> fortune."
>
> Later on January 12, Judge Preska denied delay - so, it's
> January 17: "ORDER as to Derek Jones: Mr. Jones'
> request for an adjournment of sentencing (dkt. no. 171) is
> denied. Sentencing will proceed on January 17, 2023, at
> 2:00 PM in Courtroom 12A. (Signed by Judge Loretta A.
> Preska on 1/12/2023." Watch this site.

*Id.*; https://www.innercitypress.com/sdny41cpreskaderekjonesicp011223.html.

> ### 4.    Jones is sentenced to 66 months in prison, and Inner City
> ### Press posts a sentencing update.

On January 17, 2023, the court presided over Jones' sentencing hearing. At its
conclusion, the court found a specially heightened "need here to protect the public"
from Jones. Ex. 6 at 104:9-10. It also emphasized that Jones' fraudulent scheme
"involved scores of lies to scores of people" and that Jones "never had any remorse"
but rather continued to engage in "always more lies, more cons." *Id.* at 103:12-
104:2. The court sentenced Jones to 66 months in prison and forfeiture of more than
$8 million. Ex. 1 at 19.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 7 —

On January 17, 2023, Inner City Press published its coverage of Jones' sentencing (the "Sentencing Update"). FAC Ex. 4 at 3; https://www.innercitypress.com/sdny41dpreskaderekjonesicp011723.html. After the reposted developments from the November 10 Article and the November 11 Update, the Sentencing Update quotes Jones as acknowledging that "I have misled investors" but asserting that he wanted "to make amends" and felt "like I've had my teeth kicked in." FAC Ex. 4. at 3-4. The article also quotes statements from others, including victims, relays the court's determination that "[t]here is a need to protect the public from this defendant," and reports on the imposition of a 66-month sentence. *Id.* at 4-5.

### 5.   Jones unsuccessfully seeks to delay his surrender to custody, and Inner City Press publishes another update.

On March 15, 2023, days before he was required to report to prison, Jones filed a motion to extend his surrender date. Ex. 1 at 21; Ex. 7. Among other reasons, Jones' lawyers explained he was a party to an ongoing lawsuit in Los Angeles Superior Court that was scheduled to commence April 17, 2023. Ex. 7 at 3.

The Government quickly filed an opposition. Ex. 1 at 21; Ex. 8. It gave the court more detail about the civil case Jones' lawyers referenced: His landlord had sued for eviction and unpaid rent. Ex. 8 at 2. The Government argued that "[t]here is an extraordinary irony" in Jones' attempt "to delay his surrender to prison so that he can fight his eviction from a rented residence." *Id.*

The court denied Jones' request on March 16, 2023. Ex. 1 at 21. On the same day, Inner City Press posted another update (the "March 16 Update"). FAC Ex. 5; *see also* https://www.innercitypress.com/sdny41gpreskaderekjonesicp031623.html. After republishing prior coverage, the March 16 Update concludes:

> On March 15, Jones' lawyer filed with Judge Preska a
> request by newly appointed appellate counsel seeking a
> surrender delay from March 18 to April 30. The US
> quickly opposed it, saying Jones should be ordered to
> surrender to Lompoc Satellite Camp on March 17 before

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

2 pm. They inform Judge Preska that the case in which Jones wants to represent himself is an eviction from a rental residence he doesn't need to retain.

On March 16, Judge Preska denied Jones' request: "ENDORSED LETTER as to Derek Jones addressed to Judge Loretta A. Preska, from Daniel S. Nooter dated 3/15/2023 re: Daniel S. Nooter writes to request adjournment of surrender date. ENDORSEMENT: Mr. Jones' request to adjourn his surrender date is denied. (Signed by Judge Loretta A. Preska on 3/16/2023)."

FAC Ex. 5.

### C.    Jones files this action against Inner City Press.

Jones filed this action on November 10, 2023. ECF No. 1. His First Amended Complaint asserts causes of action for defamation, false light of invasion of privacy, and injunctive relief. *See generally* FAC.[3]

Jones generally alleges that the Articles falsely imply that he "was charged with, convicted of, or punished for criminal acts of domestic violence" (the "Alleged Implication"). *Id.* ¶ 3; *see also id.* ¶ 17 (alleging that Articles "create the impression that Jones was charged with, convicted of, or punished for criminal acts of domestic violence"); *id.* ¶ 20 (coverage allegedly implies "that Jones' culpability for crimes of domestic violence had already been established" and that the judge was presiding over a sentencing hearing for that alleged crime).

Jones concedes, however, that Inner City Press' coverage of his proceedings is substantially accurate. For example, he admits that "the Government presented allegations" during the November 10 Proceeding "that Jones had pressured someone to submit a character-reference letter . . . requesting leniency in Jones' eventual sentencing." *Id.* ¶ 21. He also admits that the Government argued that Jones'

---

[3] Jones' alleged cause of action for injunctive relief, FAC ¶¶ 45-47, "does not state a cause of action" by itself but is instead a form of relief. Fortaleza v. PNC Fin. Servs. Grp., 642 F. Supp. 2d 1012, 1028 (N.D. Cal. 2009).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

conduct "may have constituted 'obstruction of justice' which could justify a sentencing enhancement." *Id.* And he admits that the proceeding included discussion of "photos of physical abuse [and] torn clothes." *Id.* ¶ 25.

Meanwhile, Jones does not deny the Government presented photos it characterized as showing the results of alleged domestic violence. *Id.* ¶ 22. He does not dispute that the photos in fact showed such images. *See id.* And rather than alleging that it is false to assert or imply that Jones perpetrated those depicted acts of violence, Jones instead alleges only that whether he had done so has not been adjudicated. *Id.*; *see also id.* ¶¶ 28-29 (alleging that conference "did not involve any determination that Jones was the cause" of the "torn clothes").

Jones alleges that, "[i]n the wake of the Articles' publication," he "was ostracized by professional colleagues and forced to relinquish" various roles. *Id.* ¶ 33. He does not, however, allege that any of those colleagues read or otherwise knew anything about the Articles—the publication of which coincided with Jones' sentencing for a multi-million dollar fraud and the run-up to his surrendering to federal prison for a 66-month sentence. *See id.* Indeed, the *only* person Jones alleges to have seen the Articles is a parent at a school attended by his children who "reported" to an unknown person that they were "'shocked' and 'unsettled' about the content of the Articles." *Id.* ¶ 32.

In addition to his defamation claims, Jones attempts to allege a cause of action for false light of invasion of privacy, grounded on several statements published in the Articles (the "Alleged False Light Statements").

First, he claims Inner City Press portrayed Jones "in an offensively negative light" by reporting (1) that Jones invoked his bout with COVID-19 as a reason to delay his sentencing, (2) that Jones used "his parents' money" to engage the forensic accounting firm, and (3) about the additional victim statements the Government filed on January 12, 2023. *Id.* ¶ 40. Second, Jones alleges that Inner City Press' coverage of his sentencing, and the in-court statements of Jones' victims, "portray[s]

— 10 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Jones in a negative light" because those statements amount to "unsubstantiated and unproved allegations against [him]." *Id.* ¶¶ 41-43.  Third, Jones alleges that the March 16 Update's reporting of his motion to delay his surrender to prison unfairly neglected to mention "the primary reason" he allegedly requested additional time. *Id.* ¶ 44.

Jones seeks injunctive relief and "not less than $10 million" in damages. *Id.* ¶¶ 5, 46-47.

## III.   Legal Standard

California's anti-SLAPP statute "allows courts to dismiss, at an early stage, unmeritorious litigation that challenges various kinds of protected speech." *MG Premium v. Does*, No. 2:21-CV-08533-MCS-KK, 2023 WL 3432163, at *1 (C.D. Cal. Apr. 10, 2023) (citing *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002)).[4]  In adjudicating Inner City Press' special motion to strike, the Court follows a two-step process. First, it considers whether Jones' claims arise from activity the statute protects. C.C.P. § 425.16(b)(1); *MG Premium*, 2023 WL 3432163, at *1 (citing *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016)). Second, and if so, the Court "shall" strike Jones' causes of action unless he demonstrates "a probability that [he] will prevail on the claim." C.C.P. § 425.16(b)(1). That question turns on application of "the Federal Rule of Civil Procedure 12(b)(6) standard." *MG Premium*, 2023 WL 3432163, at *1 (quoting *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018)).

## IV.   Argument

### A.   Jones' claims arise from activity C.C.P. Section 425.16 protects.

Because Jones' causes of action clearly arise from the Articles, *see, e.g.*, FAC ¶ 1, the remaining question at the first step of the anti-SLAPP analysis is whether

---

[4] Unless indicated, all citations omit internal citations and have been "cleaned up."

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 11 —

the Articles fall within the sweep of conduct protected by the statute. There can be no dispute that they do.

For one, the Articles are written statements "made in connection with an issue under consideration" by a court. C.C.P. § 425.16(e)(2); *see also, e.g.*, *Braun v. Chron. Publ'g*, 52 Cal. App. 4th 1036, 1045 (1997) (news articles reporting on official executive, legislative, and judicial actions are protected by § 425.16(e)(2)); *Mireskandari v. Daily Mail & Gen. Tr.*, No. CV 12-02943 MMM (SSx), 2013 WL 12114762, at *5 (C.D. Cal. Oct. 8, 2013); *Smith v. Santa Rosa Press Democrat*, No. C 11-02411 SI, 2011 WL 5006463, at *2 (N.D. Cal. Oct. 20, 2011) ("Courts have routinely recognized that news articles regarding judicial proceedings are covered by section 425.16(e)(2)").

The anti-SLAPP statute applies for the separate and independent reason that the Articles are "written or oral statement[s] . . . made in a . . . a public forum in connection with an issue of public interest." C.C.P. § 425.16(e)(3). For one, news publications and websites like Inner City Press qualify as "a public forum" for the purposes of the anti-SLAPP law. *See, e.g.*, *Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 n.4 (2006) (websites are "public forums"); *Sonoma Media Invs. v. Super. Ct.*, 34 Cal. App. 5th 24, 33-34 (2019) (newspapers and websites are "public forums" as long as they can be "read by members of the public"). Moreover, "any issue in which the public is interested" qualifies as "an issue of public interest" under the anti-SLAPP statute. *See Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008). The Articles report on various proceedings in Jones' criminal case flowing from a multi-million dollar fraud. They relate to filings and argument by Jones and the Government about his sentencing, conditions of pre-incarceration release, and surrender to prison, and they report the court's rulings on those and other matters. *See generally* FAC Exs. 1-6. These matters unquestionably constitute matters of public interest.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 12 —

Accordingly, Jones' causes of action must be stricken unless he can establish a probability of prevailing on his claims by establishing, at this stage of the case, that he has pleaded legally viable claims.

**B.    Jones' causes of action for defamation and false light fail to state a claim upon which relief may be granted.**

**1.    The FAC should be stricken because Jones' claims are not based on any defamatory statements or implications in the Articles.**

**a.    A reasonable reader would not derive the Alleged Implication from the Articles.**

To establish a cause of action for defamation based on implication, Jones "must demonstrate" that his proposed interpretation is reasonable. *Issa v. Applegate*, 31 Cal. App. 5th 689, 707 (2019). He thus cannot "construct an actionable statement by reading whatever implication [he] wishes" as deriving from the Articles. *Id.*; *see also, e.g.*, *Dodds v. ABC*, 145 F.3d 1053, 1065-66 (9th Cir. 1998) (affirming dismissal of defamation claims based on "implications the [TV] segment [cannot] be understood to convey").

Jones' defamation claim depends on his allegation that the Articles imply he has been "charged with, convicted of, or punished for criminal acts of domestic violence." FAC ¶ 3; *see also id.* ¶¶ 17, ¶ 19 n.1, 20. But no reasonable reader can review the November 10 Article and subsequent updates as making any such suggestion. The November 10 Article begins with a headline explaining to readers that it concerns a "White Collar Criminal," a designation repeated in the lead paragraph. FAC Ex. 1. The November 10 Article also immediately and accurately relays that Jones had pleaded guilty to fraud involving at least two companies and was facing an impending sentencing proceeding. *Id.*

While the November 10 Article does assert that Jones was "linked" to accusations of domestic violence, it is apparent from the context provided that the "remand or release to home confinement" discussion pertained to the only crime for

— 13 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

which the Article claims he "was charged" and to which he had "pled guilty": "white collar" fraud. *Id.* It is thus patently obvious that the proceeding being described in the Article related to *that* crime. That is especially so given that the November 10 Article places reference to the photos in the context of (1) the reported suggestion by the Government that a letter—clearly relating to the sentencing proceeding to which the Article had referred—had potentially been obtained "by coercion" and (2) the reported objection by Jones' lawyer about the subject, along with the offer, as described by the November 10 Article, that Jones "would see no women at all until sentencing." *Id.*

There is simply no suggestion anywhere in the November 10 Article that Jones had been charged with or was being sentenced for committing any crime *other than* the fraud to which he had pleaded guilty and to which the November 10 Article expressly refers. Meanwhile, Jones' proposed reading becomes all the more unreasonable as applied to each of the updates. In particular, the updates continue to make clear that the proceedings and filings at issue pertain to final trial court proceedings of a white collar criminal. *See* FAC Ex. 3 (January 12 Update reporting about Jones' effort "to dispute the loss amount" in connection with his sentencing and a victim alleged to have "lost a fortune"); FAC Ex. 4 (Sentencing Update referring to the "sentencing of white collar criminal Derek Jones," reporting court's assertion that Jones perpetrated "a massive fraud," and reporting on victim statements).

The Alleged Implication cannot reasonably be derived from any of the Articles, individually or collectively. Jones' allegations to the contrary fail as a matter of law. *See, e.g.*, *Jennings v. Telegram-Trib.*, 164 Cal. App. 3d 119, 127 (1985) ("A publication is not responsible for every strained interpretation a plaintiff might put on its words.") (quoting *Forsher v. Bugliosi*, 26 Cal. 3d 792, 803 (1980)). His defamation causes of action should therefore be stricken.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 14 —

### b.     The Alleged False Light Statements are not "highly offensive."

To establish his cause of action based on the Alleged False Light Statements, Jones must demonstrate that they portray him in a way "that would be highly offensive to a reasonable person." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017). But there is hardly anything offensive, much less "highly" so, about saying someone had COVID-19 or used their parents' money to hire an accountant. FAC ¶¶ 40. There is also nothing "highly offensive" about saying Jones—an admitted criminal who has publicly acknowledged that there are "people who have been harmed by my actions"—has created "victims" who submitted statements to the court in connection with his sentencing. *Id.* ¶¶ 40-43; Ex. 6 at 63:19-20. And there is nothing actionable as "false light" in reporting one, but not both, of the reasons Jones asserted for trying to delay his surrender to prison. *Id.* ¶¶ 44.

Jones accordingly cannot state a claim for false light on the basis of the statements identified in the First Amended Complaint. That cause of action should therefore also be stricken.

### 2.     The FAC should be stricken because the Articles are absolutely privileged under Civil Code § 47(d).

Even if the Articles could reasonably be susceptible to the tortured reading Jones proposes and contain "highly offensive" and defamatory statements about him, his claims still fail because the Articles are absolutely privileged under California's statutory fair report privilege.[5]

California Civil Code Section 47(d) immunizes "fair and true reports" in "a public journal" of a judicial proceeding or "anything said in the course thereof." Cal.

---

[5] Causes of action for defamation and false light invasion of privacy  the same common law, statutory, and First Amendment defenses. *Med. Marijuana v. ProjectCBD.com*, 46 Cal. App. 5th 869, 884, 895-96 (2020); *Kapellas v. Kofman*, 1 Cal. 3d 20, 35 n.16 (1969); *Werner v. Times-Mirror*, 193 Cal. App. 2d 111, 121-22 (1961).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Civ. Code § 47(d). This *absolute* privilege applies broadly and "carries with it a certain amount of literary license," so long as the "gist" of the report "is accurately conveyed." *McClatchy Newspapers v. Super. Ct.*, 189 Cal. App. 3d 961, 975-76 (1987); *Crane v. Ariz. Republic*, 972 F.2d 1511, 1519 (9th Cir. 1992) (the law allows "a certain degree of flexibility/literary license" in reporting proceedings) (quoting *Reader's Digest Ass'n v. Super. Ct.*, 37 Cal. 3d 244, 262 n.13 (1984)); *see also Dorsey v. Nat'l Enquirer*, 973 F.2d 1431, 1434-38 (9th Cir. 1992) (holding that press is not bound to a literal interpretation of the words used in court).

To determine whether a report is "fair and true," the Court examines whether readers of the Articles would come away with a different view of Jones than if they had read the court filings or attended the proceedings themselves. *Crane*, 972 F.2d at 1519 (privilege inapplicable only where report represents a "deviation" from the proceedings of such a "substantial character"). Meanwhile, a reporter covering judicial or other proceedings falling within Section 47(d) "need not resolve the merits of the charges" asserted in those proceedings or "present the plaintiff's version of the facts" to be absolutely protected under the statute. *Id.*

Each of the Articles Jones challenges are absolutely privileged because they are, as a matter of law, fair and true reports of the judicial proceedings they cover.

<blockquote>

a.     **The November 10 Article captures the gist of the Government's accusations at the November 10 Proceeding.**

</blockquote>

Jones admits that, during the November 10 Proceeding, the Government referred to photos depicting domestic violence, referred to torn clothes of one or more women depicted in those photos, and accused Jones of conduct amounting to obstruction of justice. FAC ¶¶ 21-22, 28. Moreover, there is no dispute that those accusations were made in connection with the Government's request to modify the terms of Jones' pre-sentencing release. Ex. 3; FAC ¶ 29 (alleging that Jones

— 16 —

"volunteered" during the November 10 Proceeding to cease communications with the two women discussed by the Government).[6]

The November 10 Article accurately characterizes the substance of these assertions. It reports that during the hearing the Government offered "allegations and photos of domestic abuse" (including "torn clothes") and relayed to the court that a woman told the Government she felt threatened and that another woman provided a letter "seeming[ly] obtained by coercion." FAC Ex. 1. Jones' cannot demonstrate a probability of prevailing on his claim that the November 10 Article is false.

*First*, even assuming that Jones is correct that the phrase "black eye" was not said during the November 10 Proceeding, its appearance in the November 10 Article's headline does not exacerbate the gist of the Government's assertions that Jones concedes were made during the proceeding—that is, that he had *otherwise* physically harmed women, as evidenced by photos presented to the court and references to "torn clothes." The "black eye" reference does not strip away the protections of Section 47(d).

In *Jennings v. Telegram-Tribune*, for example, a man pleaded no contest to failing to file income tax returns for two years. 164 Cal. App. 3d at 122. The headline of a newspaper article asserted that he had been "convicted of tax fraud," while the article and others that followed it discussed in more detail the nature of the allegations against him. *Id.* The Court of Appeal held that the articles were absolutely privileged under Section 47(d). *Id.* at 128. The court reasoned that while characterizations in the headline and elsewhere that the man had been convicted of "tax fraud" or "tax evasion" were "perhaps overblown or exaggerated," the gist of the articles—that he had been convicted of "several serious tax crimes"—was accurate and well within the "literary license concept" the law allows the press to

---

[6] As noted above, Inner City Press is seeking to unseal the transcript of the November 10 Proceeding.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

deploy when reporting on official proceedings. *Id.* at 127.[7] The same result should follow here.

     *Second*, as already discussed, *see* above at 13-14, Jones' attempt to mischaracterize the November 10 Article as falsely implying that he had been formally "charged with, convicted of, or punished for criminal acts of domestic violence" in connection with the November 10 Proceeding, FAC ¶ 3, is not remotely supported by any reasonable reading of the article.

     *Finally*, the fact that the court sealed the transcript of the November 10 Proceeding does not eviscerate the protections of Section 47(d). Rather, courts applying the statute have consistently held that the absolute privilege applies even if the underlying proceeding is secret, sealed, or otherwise confidential. *See, e.g.*, *Dorsey*, 973 F.2d at 1435 (rejecting the "argument that the privilege cannot apply to family court proceedings from which the general public is excluded"); *Crane*, 972 F.2d at 1517 & n.5 (privilege applies to secret congressional committee meetings).[8]

     Because the November 10 Article is absolutely privileged. Jones cannot base his claims on it or on Inner City Press' subsequent republications of the article's content in the related updates it published.

---

[7] *See also Hayward v. Watsonville Register-Pajaronian & Sun*, 265 Cal. App. 2d 255, 265 (1968) (privilege applied where newspaper reported plaintiff sentenced to prison for "checks" charge when he had been subjected to lesser punishment on a "forgery" charge); *Handelsman v. San Francisco Chronicle*, 11 Cal. App. 3d 381, 387 (1970) (newspaper privileged to describe accusation of "conversion" as one of "outright theft").

[8] *See also, e.g.*, *Braun*, 52 Cal. App. 4th at 1050 (report on investigative audit absolutely privileged because "it is immaterial that the audit itself was confidential"); *Reeves v. ABC*, 719 F.2d 602, 607 (2nd Cir. 1983) (applying California law and privilege to coverage of secret grand jury proceedings); *Santa Rosa Press Democrat*, 2011 WL 5006463, at *5 (application of privilege does not turn on whether "underlying proceedings may have been confidential or otherwise not open to the public").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### b. The Sentencing Update captures the gist of the statements made during Jones' sentencing hearing.

Jones does not allege that Inner City Press inaccurately reported any part of his January 17, 2023, sentencing. *See* FAC ¶¶ 41-43. Instead, he complains that the Sentencing Update includes details that Jones finds irrelevant, fails to quote or characterize the entire proceeding, and relays "unsubstantiated, unproven, and unsworn allegations" by those who spoke during his sentencing. *Id.*

These allegations fail to demonstrate that the Sentencing Update is not a "fair and true" report of that proceeding. *See Dorsey*, 973 F.2d at 1436 (Section 47(d) "does not require the reporter to resolve the merits of the charges, nor does it require that he present the plaintiff's version of the facts."); *Paterno v. Super. Ct.*, 163 Cal. App. 4th 1342, 1355 (2008) (rejecting plaintiff's argument that defendant was required to "place this legal proceeding in 'context' by including what it considers are the 'key facts'"); *Santa Rosa Press Democrat*, 2011 WL 5006463, at *5 ("[T]he fair and true report privilege does not require the Press Democrat to have presented plaintiff's side of her story or her 'key facts.'").

Any claims based on the Sentencing Update are thus barred by Section 47(d).

### c. Each of the other updates accurately reflect the gist of the court filings on which they are based.

Jones does not plausibly allege that other updates published by Inner City Press are substantially inaccurate reports.

The only allegations concerning the November 11 Update pertain to its republication of the November 10 Article and headline. *See* FAC ¶¶ 1, 29. For the reasons discussed above, that article—and thus the next day's update—qualify for the absolute protection of Section 47(d).

Meanwhile, Jones implicitly admits that the January 12 Update is accurate in its reporting that Jones sought to extend his surrender date on the basis of his bout with COVID-19. FAC ¶ 40. And his allegations relating to that update and the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

March 16 Update's reporting on victim statements filed and asserted in open court focus only on the whether the victims were, in fact, victims of Jones' misconduct. *Id.*; *id.* ¶ 44. As noted above, the question is not whether statements made in the court proceeding are true but whether Inner City Press inaccurately characterized them, and Jones does not allege that Inner City Press did. Section 47(d) also absolutely protects Inner City Press from claims arising from these updates.

Because each of the Articles thus constitute fair and truth reports of the proceedings in Jones' criminal case, all of his causes of action fail as a matter of law. The First Amended Complaint should be stricken for this independent and separate reason.

### 3.   The FAC should be stricken because Jones is limited to special damages but has failed to specifically plead them.

Even if the Articles assert or imply allegedly defamatory statements and fail to fall within Section 47(d)'s protection, Jones' causes of action still fail because he is limited to recovering only special damages but has failed to plead them.

*First*, plaintiffs pursing libel and false light claims against "a daily or weekly news publication" must submit a sufficient demand for retraction of the allegedly actionable statement within 20 days of publication or have their recovery limited only to special damages. Cal. Civ. Code § 48a(a).[9] Inner City Press clearly qualifies as a publication to whom a retraction demand must be submitted. *See id.* § 48a(d)(5) (defining phrase to include any electronic publication that "contains news on matters of public concern" and publishes "at least once a week").

//

//

---

[9] Separately, asserting libel and false light claims based on statements whose allegedly disparaging nature is not facially apparent, *see* FAC ¶¶ 30-44, requires Jones to plead and prove special damages to establish those two causes of action. *See, e.g.*, *Fellows v. Nat'l Enquirer*, 42 Cal. 3d 234, 251-52 (1986); Cal. Civ. Code § 45a.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 20 —

*Second*, Jones does not plead that he complied with Section 48a.[10] *See generally* FAC. As such, his claim must be stricken if he does not satisfy the heightened standard for pleading special damages. *See Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1081 (S.D. Cal. 2021) (dismissing claim for lack of allegations demonstrating compliance with retraction statute and for lack of sufficiently alleged special damages); *Anschutz Ent. Grp. v. Snepp*, 171 Cal. App. 4th 598, 643 (2009) (same); *Nunes v. CNN*, 31 F.4th 135, 147 (2d Cir. 2022) (same); *Shahid Buttar for Cong. Comm. v. Hearst Commc'ns*, No. 21-CV-05566-EMC, 2022 WL 1215307, at *11 (N.D. Cal. Apr. 25, 2022) (same).

*Third*, the First Amended Complaint fails to "specifically" plead special damages. Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). Special damages are those a plaintiff allegedly "has suffered in respect to his or her property, business, trade, profession, or occupation, including the amounts of money the plaintiff alleges and proves he or she has expended as a result of the alleged libel." Cal. Civ. Code § 48a(d)(2). None of the theories of "actual" harm Jones alleges passes the test.

For one, the only "harm" Jones links to the Articles is an allegation that an unidentified parent whose children attended the same school as his own "confronted" him and allegedly "reported being 'shocked' and unsettled' about the content of the Articles." FAC ¶ 32. Jones does not allege that this person acted in any way that caused him to suffer special damages.

Meanwhile, Jones alleges that "[i]n the wake of the Articles' publication"—which coincides, of course, with his sentencing and the proceedings leading to his surrender to federal prison—he "was ostracized" by unidentified "professional colleagues" in unspecified ways. FAC ¶ 33. He alleges that he was "forced to relinquish" "roles," but he does not allege that they were paid positions. *Id.* In any

---

[10] In fact, he did not submit a retraction demand to Inner City Press.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

event, he fails to allege that any of the "colleagues" read the Articles, much less that the reports led to their decision to "ostracize[]" him. None of these allegations are sufficient to plead special damages with the required particularity. *See Piping Rock Partners v. David Lerner Assocs.*, 946 F. Supp. 2d 957, 981 (N.D. Cal. 2013) (granting anti-SLAPP motion because plaintiff failed to allege actual pecuniary loss or that others' actions were "connected to counterdefendants' specific website posts" rather than to other publicly available allegations), *aff'd* 609 F. App'x 497 (9th Cir. 2015); *Buttar*, 2022 WL 1215307, at *11 (granting anti-SLAPP motion where plaintiff failed "to sufficiently plead that any alleged damages are attributable specifically to Defendant Hearst's articles"); *Trendmood v. Rabinowitz*, No. 2:20-cv-10877-MCS-RAO, 2021 WL 5277441, at *4 (C.D. Cal. Aug. 31, 2021) (dismissing claim where plaintiff failed to plead "facts establishing how the Tweet created that decline in revenue").

Finally, Jones claims that perhaps one day he may be harmed if the State Bar of California, a "potential employer or business associate," or "any present or future romantic partner" ever reads the Articles and someday acts negatively toward him in various ways. FAC ¶¶ 34-36. This vague and speculative allegation is similarly not enough to plead special damages. *Trendmood*, 2021 WL 5277441, at *4 (dismissal appropriate where special damages based on claimed "opportunities" that "are impermissibly vague"); *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951) ("general allegation of the loss of a prospective employment, sale, or profit will not suffice")

Accordingly, Jones' causes of action should be stricken because he must, but has failed, to plead special damages.

## V. Conclusion

For the foregoing reasons, the Court should grant the Special Motion to Strike the First Amended Complaint, with prejudice, and award Inner City Press attorneys' fees and costs according to proof to be established in a subsequently filed motion.

— 22 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1
2
3   Dated: March 26, 2024                    **BALLARD SPAHR LLP**

4                                            By:  */s/ Matthew S.L. Cate*
5                                                 Robert S. Gutierrez
                                                  Matthew S.L. Cate
6
7                                            *Attorneys for Defendants Inner City*
                                             *Press/Community on the Move, Inc. and*
8                                            *Matthew Russell Lee*

9
10
11
12                          **Certificate of Compliance**

13          The undersigned, counsel of record for Defendants Inner City Press, Inc. and

14   Matthew Russell Lee, certifies that the foregoing Memorandum of Points and

15   Authorities contains 7,000 words, which complies with the word limit of L.R. 11-

16   6.1.

17
18   Dated: March 26, 2024                   */s/ Matthew S.L. Cate*
                                             Matthew S.L. Cate
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

MEM. I/S/O SPECIAL MOT. TO STRIKE & MOT. TO DISMISS

**Proof of Service**

I am a resident of the State of California, over the age of 18 years, and not a party to this action. My business address is Ballard Spahr LLP, 1909 K Street, NW, 12th Floor, Washington, D.C., 20006-1157.

On March 26, 2024, I electronically filed the foregoing **Defendants' Request for Judicial Notice in Support of Their Special Motion and Special Motion to Strike Plaintiff's First Amended Complaint Pursuant to Cal. Civ. Proc. Code § 425.16 and, in the Alternative, Motion to Dismiss Pursuant to Rule 12(b)(6)** with the Court through its CM/ECF system, and I caused the same to be served via U.S. Mail to:

Derek Jones
3705 West Farm Road
Lompoc, CA 93436-2756

Dated: March 26, 2024

_____
Matthew S.L. Cate

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400