UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09623-MCS-AJR | Date | August 7, 2024 |
| Title | *Jones v. Inner City Press et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS (ECF NO. 19)

Defendants Inner City Press, Inc. ("ICP"), and Matthew Russell Lee move to strike Plaintiff Derek Jones's First Amended Complaint or, in the alternative, to dismiss the complaint for failure to state a claim. (Mot., ECF No. 19.) Plaintiff opposed the motion, (Opp'n, ECF No. 24), and Defendants replied, (Reply, ECF No. 28). The Court deems this motion appropriate for decision without oral argument. *See* Fed. R. Civ. P 78(b); C.D. Cal. R. 7-15.

I.   **REQUESTS FOR JUDICIAL NOTICE**

Plaintiff asks the Court to take judicial notice of seven exhibits filed in support of his opposition. (PRJN, ECF No. 29.) Separately, Defendants ask the Court to take judicial notice of 13 exhibits and one fact in support of its motion. (DRJN, ECF No. 20.)

The Court grants the parties' requests to take notice of the docket sheet and filings in *United States v. Jones*, No. 1:21-cr-00059-LAP-1 (S.D.N.Y. filed Jan. 28, 2021). Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other

matters of public record."). The other documents and fact subject to the requests are either not the proper subject of judicial notice or unnecessary to the Court's resolution of the motion, so the Court denies the balance of the requests. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

## II. BACKGROUND

According to the first amended complaint, Defendants ICP and Matthew Russell Lee purportedly published harmful statements about Plaintiff in a series of five articles between November 2022 and March 2023. (FAC ¶¶ 7–8, 12, ECF No. 10; *see id.* Exs. 1–5.) These articles reported on a case brought by the United States against Plaintiff for wire fraud. (*See id.* Exs. 1–5.) The five articles detail the allegations raised in the legal proceedings against Plaintiff, including discussions of the charges against him, Plaintiff's plea and subsequent withdrawal of his guilty plea, and discussions of his sentencing—all before Judge Loretta A. Preska in the United States District Court for the Southern District of New York. (*See generally id.*) At one of the proceedings memorialized by ICP's articles, the United States asked Judge Preska to modify Plaintiff's conditions of release pending sentencing to preclude him from contacting two ex-girlfriends on the basis he had been accused of domestic abuse—a request Judge Preska granted. (*Id.* Exs. 1–2; *accord* DRJN Ex. 3, ECF No. 20-4.) Ultimately, Judge Preska sentenced Plaintiff to 66 months in prison and imposed forfeiture of more than $8 million. (DRJN Ex. 6, at 106–07, ECF No. 20-7.)

Plaintiff argues several of the statements in ICP's articles are defamatory because they create the purportedly erroneous impression that he was charged with, convicted of, or punished for criminal acts of domestic violence. (FAC ¶ 3.) Plaintiff alleges several statements in the five articles, even if not defamatory, involved the public disclosure of sensitive and private information which places Plaintiff before the public in an unreasonably negative light. (*Id.* ¶ 4.) Plaintiff requests damages not less than $10 million and injunctive relief in the form of retractions and corrections of the offending statements. (*Id.* ¶ 5.) Plaintiff alleges claims for defamation per se, defamation *per quod*, false light invasion of privacy, and injunctive relief. (*Id.* ¶¶ 14–47.)

### III. LEGAL STANDARD

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Such a motion allows courts to dismiss, at an early stage, unmeritorious litigation that challenges various kinds of protected speech. *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002). Federal courts give full effect to the anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step analysis with shifting burdens. First, the movant must make a threshold showing that the challenged claim arises from an "act . . . in furtherance of [the movant's] right of petition or free speech" within the meaning of California Civil Procedure Code section 425.16(e). *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotation marks omitted). If the movant satisfies this threshold showing, the burden shifts to the claimant to establish a reasonable probability of prevailing by demonstrating that the challenged claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (internal quotation marks omitted). If the motion "challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

### IV. DISCUSSION

Defendants argue California's anti-SLAPP statute applies to each of Plaintiff's claims because they arise out of Defendants' acts in furtherance of their constitutional right of free speech in connection with a public issue. (Mot. 11–12.) They submit the FAC should be stricken because Plaintiff fails to state a claim upon which relief can be granted. (*Id.* at 13–22.) Alternatively, they argue the FAC should be dismissed. (*Id.* at 12 n.4.)

#### A. The Anti-SLAPP Statute Applies to the Claims

Defendants argue section 425.16(e)(2)–(3) of California's anti-SLAPP statute applies to each of Plaintiff's claims because they arise out of Defendants' acts in further of their constitutional right to free speech. Section 425.16(e)(2) of

California's anti-SLAPP statute applies to statements made in connection with an issue under consideration by a court, and section 425.16(e)(3) applies to statements made in a public forum in connection with an issue of public interest. The Court need only address section 425.16(e)(2) to decide this motion.

"Courts have routinely recognized that news articles regarding judicial proceedings are covered by section 425.16(e)(2)." *Smith v. Santa Rosa Press Democrat*, No. C 11-02411 SI, 2011 WL 5006463, at *2 (N.D. Cal. Oct. 20, 2011) (collecting cases). The articles about which Plaintiff complains recount proceedings in the criminal case against Plaintiff, so the anti-SLAPP statute extends to Plaintiff's claims. (*See* FAC ¶¶ 14–47.)

Plaintiff resists this conclusion, arguing that the allegations of domestic abuse raised in the criminal proceedings and recounted in the offending statements in the articles were not under consideration by a court. (*See* Opp'n 17–18.) The Court disagrees. The purportedly offending statements relate to domestic abuse allegations presented to Judge Preska in the criminal case in connection with her decision to modify conditions of release. (*See* FAC Exs. 1–5; DRJN Ex. 3.) Even if Judge Preska did not squarely adjudge the allegations in connection with the underlying wire fraud case before her, they were indisputably ventilated in a court proceeding.

### B. Probability of Prevailing on the Merits

#### 1. Defamation

Plaintiff asserts claims for defamation per se and defamation *per quod*. (*See* FAC ¶¶ 14–36.) Though Defendants interpret Plaintiff's allegations as claims for defamation by implication, (Mot. 13–14), that cause of action is legally distinct from the claims Plaintiff pled. *See, e.g.*, *Eliott v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1026–27 (C.D. Cal. 2022) (setting forth the elements of both species of claims). Notwithstanding, Defendants' arguments are equally applicable to Plaintiff's claims under the appropriate framework.

Under California law, the elements of defamation are: "(a) a publication that is (b) false, (c) defamatory, . . . (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Brill v. Postle*, No. 2:19-cv-02027 WBS AC, 2020 WL 2936688, at *6 (E.D. Cal. June 3, 2020) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)). Claims for defamation per se and *per quod* share the same elements, *see id.*, but the claims differ as to whether the defamatory meaning appears

from the language itself, *see Todd v. Lovecruft*, No. 19-cv-01751-DMR, 2020 WL 60199, at *15 (N.D. Cal. Jan. 6, 2020) ("A statement is libel *per se* if a defamatory meaning appears from the language itself without the necessity of explanation or the pleading of extrinsic facts. Defamation *per quod* is defamatory language that is not libelous on its face." (internal quotation marks and citation omitted)).

Plaintiff has failed to allege an essential element of his claims—that the articles at issue are unprivileged. Defendants assert the articles are absolutely protected under the fair and true report privilege. (Mot. 15–19.) "The fair report privilege confers an absolute privilege on any fair and true report in, or a communication to, a public journal of a judicial proceeding, or anything said in the course thereof." *Healthsmart Pac., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 431 (2017) (internal quotation marks omitted); *see* Cal. Civ. Code § 47(d) (establishing the fair report privilege). California courts have construed the phrase "judicial proceeding" broadly, even including the filing of a complaint. *See Healthsmart Pac., Inc.*, 7 Cal. App. 5th at 431. "'Fair and true' in this context does not refer to the truth or accuracy of the matters asserted in the judicial proceedings, but rather to the accuracy of the challenged statements with respect to what occurred in the judicial proceedings." *Id.* at 434. "[A] newspaper report is 'fair and true' if it captures 'the substance, the gist, the sting of the libelous charge.'" *Crane v. Ariz. Republic*, 972 F.2d 1511, 1519 (9th Cir. 1992) (quoting *Hayward v. Watsonville Register-Pajaronian & Sun*, 71 Cal. App. 2d 255, 262 (1968)); *see Argentieri v. Zuckerberg*, 8 Cal. App. 5th 768, 787–88 (2017) ("The defendant is entitled to a certain degree of 'flexibility/literary license' . . . such that the privilege will apply even if there is a slight inaccuracy in details . . . ."). Courts "have adopted a flexible approach" to the application of the term "public journal." *Greenberg v. W. CPE*, No. SACV 12-02074-CJC(ANx), 2013 WL 1628905, at *5 (C.D. Cal. Apr. 15, 2013); *see also Heitkoetter v. Domm*, No. 1:22-cv-00368-NODJ-BAM, 2024 WL 325134, at *11 (E.D. Cal. Jan. 29, 2024) (deeming a YouTube channel a public journal). At least one court has extended the fair report privilege to news articles reposted on a different platform than the one on which it was originally published. *See Enjaian v. Alm Media Props., LLC*, No. C 14-3872 PJH, 2014 WL 7336698, at *1, 3 (N.D. Cal. Dec. 23, 2014) (extending privilege to Twitter post describing and linking to news article).

Defendants argue the statements are subject to the fair and true report privilege because they are fair and true reports of proceedings in the criminal case against Plaintiff. (Mot. 15–19.) Plaintiff argues Defendants are not protected by the privilege because Defendants' website does not qualify as a public journal and the statements at issue do not accurately report on what transpired in court. (Opp'n 22–23.)

The Court agrees with Defendants that the statements are subject to the fair and true report privilege. Defendants published the statements in connection with reporting about Plaintiff's criminal proceeding in the Southern District of New York, which undoubtedly constitutes a judicial proceeding under the privilege. *See Healthsmart Pac., Inc.*, 7 Cal. App. 5th at 431. Even if Plaintiff is correct that the court did not make findings about the domestic abuse allegations levied at a status conference, it is indisputable the allegations were a substantive topic of discussion. (*See* DRJN Ex. 13, at 12–22, ECF No. 20-14 (excerpt of transcript discussing the domestic abuse allegations); *see also* DRJN Ex. 12, ECF No. 20-13 (request from government for Plaintiff's pretrial detention given "photographs of injuries that Jones has inflicted" purporting to demonstrate danger to the community)). Even assuming the reporting was inaccurate in the way Plaintiff proffers it was, (FAC ¶¶ 18, 20, 22, 25, 28–29), the inaccuracies, if any, are slight. The court modified Plaintiff's conditions of release based on allegations the government proffered about domestic abuse. (*See* DRJN Ex. 13, at 12–22.) Defendants' reporting captures the essence of the proceedings even if Defendants exercised some literary license in their description of the conference. *See Crane*, 972 F.2d at 1519; *Argentieri*, 8 Cal. App. 5th at 787–78.

The Court also finds the website on which the articles were published qualifies as a public journal. As evidenced by the record, Defendant ICP regularly publishes news articles. (FAC Exs. 1–5.) Courts broadly construe the term "public journal," extending its meaning to statements in paid advertisements, *Microsoft Corp. v. Yokohama Telecom Corp.*, 993 F. Supp. 782, 785 (C.D. Cal. 1998), and statements made in Internet postings affiliated with a newspaper, *see Colt v. Freedom Commc'ns, Inc.*, 109 Cal. App. 4th 1551, 1555 (2003). Accordingly, an online platform on which news articles are posted, like Defendants', qualifies as a public journal for purposes of the fair and true report privilege. For the same reasons, so too does Defendants' separate Patreon account where they reposted the article. (FAC ¶ 1); *see Enjaian*, 2014 WL 7336698, at *1, 3. Thus, Plaintiff's defamation claims against Defendants are barred by the fair and true report privilege stated in California Civil Code section 47(d).

Plaintiff does not have a probability of prevailing on the merits of his defamation claims.

2.  False Light/Invasion of Privacy

Under California law, "[f]alse light invasion of privacy requires a public disclosure, which places [P]laintiff in a false light in a manner highly offensive to a reasonable person." *Lorenzo v. United States*, 719 F. Supp. 2d 1208, 1213 (S.D. Cal. 2010). "When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999).

All of Plaintiff's allegations pertaining to his false light claim arise from the same articles as his defamation claims. For reasons identical to those discussed above, Plaintiff's claim is barred by the fair and true report privilege of Civil Code section 47(d).

Thus, Plaintiff does not have a probability of prevailing on the merits of his false light claim.

3.  Injunctive Relief

Plaintiff brings a claim for injunctive relief. (FAC ¶¶ 45–47.) Plaintiff's request for injunctive relief is premised on the purportedly tortious conduct described in his defamation claims and his false light claim. (*Id.* ¶¶ 46–47.) However, the Court found above that Plaintiff has not stated the predicate claims. In any event, injunctive relief is a remedy, not a standalone cause of action. *Smith v. U.S. Bank Nat'l Ass'n ND*, No. 12-2743-MWF (VBKx), 2012 WL 12887913, at *2 (C.D. Cal. May 14, 2012) (collecting cases); *see also Granny Purps, Inc. v. County of Santa Cruz*, 53 Cal. App. 5th 1, 9 (2020) ("[I]njunctive relief is a remedy rather than a standalone cause of action . . . ." (emphasis removed)). Thus, Plaintiff does not have a probability of prevailing on the merits of this claim.

4.  Leave to Amend

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The Court doubts Plaintiff could cure his claims, but given the Ninth

Circuit's liberal standard on permitting amendments to pleadings, the Court grants Plaintiff leave to amend all of his claims. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)). Further failure to state a claim may render subsequent amendment futile. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988). Leave to add new claims, such as a claim for defamation by implication, or leave to add new parties must be sought in a properly noticed motion.

## V.    CONCLUSION

Defendants' motion to strike is granted, and their motion to dismiss in the alternative is denied as moot. Each of Plaintiff's claims are stricken. Plaintiff may file an amended complaint within 14 days provided he can do so without violating Federal Rule of Civil Procedure 11(b). Failure to timely amend will waive the right to do so.

Having prevailed on their anti-SLAPP motion to strike, Defendants are entitled to attorney's fees and costs under California Code of Civil Procedure section 425.16(c). The Court orders Defendants to move for fees and costs within 21 days. The Court expects the parties to conduct a thorough prefiling conference before the fee motion. C.D. Cal. R. 7-3. The parties may elect to resolve the issue by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further motion practice. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.**